# United States Court of Appeals for the Federal Circuit

---

**MEDTRONIC, INC.,**
*Appellant*

**v.**

**ROBERT BOSCH HEALTHCARE SYSTEMS, INC.,**
*Appellee*

---

2015-1977, 2015-1986, 2015-1987

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2014-00488, IPR2014-00607, IPR2014-00691.

---

ON PETITION FOR REHEARING

---

Decided: October 20, 2016

---

GREGORY H. LANTIER, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC, for appellant. Also represented by JOSHUA M. KOPPEL; MARK CHRISTOPHER FLEMING, Boston, MA; DANIEL W. MCDONALD, Merchant & Gould P.C., Minneapolis, MN.

MARK S. DAVIES, Orrick, Herrington & Sutcliffe LLP, Washington, DC, for appellee. Also represented by

DONALD E. DAYBELL, Irvine, CA; BAS DE BLANK, Menlo Park, CA; RACHEL WAINER APTER, New York, NY.

———————————

Before LOURIE, DYK, and HUGHES, *Circuit Judges.*

DYK, *Circuit Judge.*

Medtronic, Inc. ("Medtronic") has filed a petition for rehearing. Robert Bosch Healthcare Systems, Inc. ("Bosch") opposes.

The original panel decision, following our decision in *GTNX, Inc. v. INTTRA, Inc.*, 789 F.3d 1309 (Fed. Cir. 2015), held that a determination by the Patent Trial and Appeal Board ("Board") to discontinue inter partes review proceedings was not reviewable on appeal under 35 U.S.C. § 314(d). The question is whether that decision is correct in light of the Supreme Court's decision in *Cuozzo Speed Technologies, LLC v. Lee*, 136 S. Ct. 2131 (2016), which issued after our panel decision.

We now reaffirm our earlier order. The Board's vacatur of its institution decisions and termination of the proceedings constitute decisions whether to institute inter partes review and are therefore "final and nonappealable" under § 314(d). Nothing in *Cuozzo* is to the contrary.

I

In 2013, Bosch brought suit in the United States District Court for the Eastern District of Texas against Cardiocom, LLC ("Cardiocom"), a subsidiary of Medtronic, alleging infringement of two patents owned by Bosch (U.S. Patent Nos. 7,769,605 and 7,870,249). Cardiocom then petitioned for inter partes review of those two patents. These petitions were denied in January 2014 because Cardiocom failed to show a reasonable likelihood that any of the challenged claims was unpatentable on the grounds asserted. Medtronic then filed three petitions seeking inter partes review of the same two patents and

listed Medtronic as the sole real party in interest. Bosch argued that the petitions should be denied because Medtronic had failed to name Cardiocom as a real party in interest as required by 35 U.S.C. § 312(a)(2). The Board instituted inter partes review proceedings, holding that Bosch had not established that Cardiocom was a real party in interest.

Thereafter the Board granted-in-part Bosch's motions seeking additional discovery regarding Cardiocom's status as a real party in interest. Based on that discovery, Bosch moved to terminate the proceedings because Medtronic had failed to name all real parties in interest.[1] The Board granted Bosch's motions, "persuaded [by the collective evidence] that Medtronic [was] acting as a proxy for Cardiocom," J.A. 35, including evidence that Cardiocom was the defendant in district court infringement suits concerning the two patents, that Cardiocom had previously filed its own petitions for inter partes review, that Cardiocom's senior executives communicated with Medtronic while Medtronic's petitions were being prepared, and that Cardiocom paid a portion of the fees for preparing Medtronic's petitions. The Board vacated the institution decisions and terminated the proceedings because of Medtronic's failure to comply with the requirement that all real parties in interest be disclosed.

Medtronic appealed. Bosch moved to dismiss for lack of jurisdiction asserting that the Board's decisions were not appealable under § 314(d). On November 17, 2015, we dismissed Medtronic's appeals for lack of jurisdiction and denied mandamus relief in a non-precedential order. The mandate issued that same day. Medtronic then petitioned for rehearing. On June 30, 2016, we recalled the mandate, following the Supreme Court's *Cuozzo*

---

[1]    If Cardiocom were a real party in interest, the petition would be time-barred under 35 U.S.C. § 315(b).

decision. We requested simultaneous supplemental briefing to "address the question of what action this court should take on the issue of appealability in view of the Supreme Court's decision in *Cuozzo*." Order Requesting Suppl. Briefing 1–2, ECF No. 50. The parties filed supplemental briefs on July 29, 2016.

## II

A decision whether to institute inter partes review is "final and nonappealable" under 35 U.S.C. § 314(d). The Supreme Court addressed the scope of § 314(d) in *Cuozzo*. Specifically, the Court considered whether § 314(d) "bar[s] a court from considering whether the Patent Office wrongly determined . . . to institute an inter partes review when it did so on grounds not specifically mentioned in a third party's review request." 136 S. Ct. at 2136 (internal quotations and citations omitted). There, the patentee argued that the petition had only "implicitly" challenged two claims for which the Board instituted inter partes review proceedings, *id.* at 2139, and the petition failed to comply with the requirement of 35 U.S.C. § 312(a)(3) that it "identif[y], in writing and with particularity, each claim challenged . . . ." *See* 136 S. Ct. at 2139. While recognizing the "strong presumption" favoring judicial review on questions of statutory interpretation, *id.* at 2140, the Court held that § 314(d) operates to bar review in cases where the challenge "consist[s] of questions that are closely tied" or "closely related" to "the application and interpretation of statutes related to the Patent Office's decision to initiate inter partes review," *id.* at 2141–42.

We conclude that under *Cuozzo* a decision whether to institute inter partes review proceedings pursuant to § 314(a) (the issue in *Cuozzo*) and a reconsideration of that decision (the situation here) are both barred from review by § 314(d). Interpreting the "closely related" language in *Cuozzo*, we recently concluded that questions regarding the application and interpretation of "statutes

'closely related' to the decision whether to institute are necessarily, and at least, those that define the metes and bounds of the *inter partes* review process." *Husky Injection Molding Sys. Ltd. v. Athena Automation Ltd.*, No. 15-1726, 2016 WL 5335500, at *6 (Fed. Cir. Sept. 23, 2016). It is difficult to conceive of a case more "closely related" to a decision to institute proceedings than a reconsideration of that very decision. It would be strange to hold that a decision to institute review would not be reviewable but a reconsideration of that decision would be reviewable. This is especially so when, as here, the Board's reconsideration was predicated on a failure to meet the statutory requirements for filing a petition under § 312(a), a provision that "define[s] the metes and bounds of the *inter partes* review process." *Husky*, 2016 WL 5335500, at *6. The Board's reconsideration in this case is fairly characterized as a decision whether to institute proceedings, the review of which is barred by § 314(d).

This conclusion is supported by our own cases after *Cuozzo*, holding § 314(d) to bar review of questions "closely related" to the institution decision such as assignor estoppel or the time-bar of § 315(b). *See Husky*, 2016 WL 5335500, at *6; *Wi-Fi One, LLC v. Broadcom Corp.*, No. 15-1944, 2016 WL 4933298, at *4 (Fed. Cir. Sept. 16, 2016).

For instance, in *Wi-Fi One*, we recently considered the application of § 314(d) to the time-bar of § 315(b) in light of the *Cuozzo* decision. There, the patentee asserted that the party seeking inter partes review was barred "because it was in privity with a time-barred district court litigant." *Wi-Fi One*, 2016 WL 4933298, at *2. It argued that *Cuozzo* implicitly overruled our prior decision in *Achates* holding that § 314(d) barred review. *Id.* at *3; *see Achates Reference Publ'g, Inc. v. Apple Inc.*, 803 F.3d 652 (Fed. Cir. 2015). We rejected the same argument, now advanced by Medtronic, that the "under this section" language of § 314(d) limits the bar on reviewability only

to questions arising under § 314. *Wi-Fi One*, 2016 WL 4933298, at *3–4. Rather, we concluded that "[n]othing in *Cuozzo* casts doubt on that interpretation of the statute, especially in light of the fact that the Supreme Court held that the particularity requirement, which is contained in section 312, is nonappealable." *Id.* at *4.

Finally, the statute contemplates how appeals from final decisions will generally be limited to a "decision with respect to . . . patentability." 35 U.S.C. § 318(a). There was no such decision here. *See GTNX*, 789 F.3d at 1311.

### III

Medtronic argues that *Cuozzo* reserved the question of § 314(d)'s effect on "appeals that implicate constitutional questions, that depend on other less closely related statutes, or that present other questions of interpretation that reach, in terms of scope and impact, well beyond 'this section.'" 136 S. Ct. at 2141. Thus, § 314(d) would not categorically bar review of a due process challenge based on insufficient notice that affects an entire proceeding. *Id.* Similarly, it would not "enable the agency to act outside its statutory limits by, for example, canceling a patent claim for 'indefiniteness under § 112' in inter partes review." *Id.* at 2141–42.

Medtronic asserts that its particular challenge is reviewable because the Board "exceeded its [statutory] authority when it terminated Medtronic's petitions after institution on a non-merits issue . . . ." Medtronic Suppl. Br. 18. In other words, Medtronic argues that the Board lacked authority to reconsider its earlier decisions. But § 318(a) contemplates that a proceeding can be "dismissed" after it is instituted, and, as our prior cases have held, "administrative agencies possess inherent authority to reconsider their decisions, subject to certain limitations, regardless of whether they possess explicit statutory authority to do so." *Tokyo Kikai Seisakusho, Ltd. v. United States*, 529 F.3d 1352, 1360 (Fed. Cir. 2008). In

*GTNX* we considered the application of this principle to the Patent Office. There the Board similarly vacated its initial institution decisions because a prior civil action barred the party from seeking review under 35 U.S.C. § 325(a)(1). 789 F.3d at 1311. We held that the Board has inherent authority to reconsider its decisions, noting that "nothing in the statute or regulations applicable here . . . clearly deprives the Board of that default authority." *Id.* at 1313. We also explained that "[i]t is strained to describe this as anything but a 'determination . . . whether to institute' proceedings—statutory language that is not limited to an *initial* determination to the exclusion of a determination on reconsideration" and that such a decision is "final and nonappealable." *Id.* at 1312 (citations omitted). The Board did not exceed its authority in reconsidering its institution decisions.[2]

---

[2] Medtronic also argues that the Board "does not treat a termination decision as a 'reconsider[ation]' of the determination whether to institute." Medtronic Suppl. Br. 12 (alteration in original). Specifically, Medtronic cites to *Corning Optical Commc'ns RF, LLC v. PPC Broadband, Inc.*, IPR2014-00440, Paper 68 (P.T.A.B. Aug. 18, 2015). Similar to the case here, in *Corning* the Board vacated its institution decision and terminated proceedings on a motion to dismiss by the patent owner because of the petitioner's failure to list all real parties in interest. *Id.* at 4. In a request for rehearing, the petitioner argued that the Board had erred by applying a "preponderance of the evidence" standard as opposed to an "abuse of discretion" standard as required by 37 C.F.R. § 42.71(c) for reviewing requests for rehearing. *Corning Optical Commc'ns RF, LLC v. PPC Broadband, Inc.*, IPR2014-00440, Paper 70 at 6 (P.T.A.B. Dec. 9, 2015). On rehearing the Board rejected this argument because the decision to terminate proceedings was predicated on a motion to

Medtronic also argues that this case involves a constitutional issue because the Board "deprived Medtronic of due process" given its inconsistent application of the real party in interest requirement. Medtronic Suppl. Br. 19. But there is no colorable constitutional issue.

In sum, as we previously held in *GTNX*, § 314(d) operates to bar review of the Board's reconsideration of its decision to institute inter partes review proceedings.

IV

In the alternative, Medtronic requests that we treat this appeal as a petition for a writ of mandamus. But Medtronic has not demonstrated entitlement to mandamus relief.

In *In re Dominion Dealer Solutions, LLC*, 749 F.3d 1379 (Fed. Cir. 2014), which also involved a requested inter partes review, we denied mandamus based on the absence of a "clear and indisputable" right to relief in view of the statutory scheme precluding review of non-institution decisions. *Id.* at 1381 (citation and internal quotation marks omitted). Given that the same statutory provisions preclude Medtronic from appealing the Board's decision, here too it cannot be said that Medtronic has a clear and indisputable right to have this court hear its challenges to the Board's decision.

---

dismiss filed by the patent owner, not a request for rehearing of the institution decision as of right pursuant to 37 C.F.R. § 42.71(d). *Corning*, Paper 70 at 6. The Board held that the "preponderance of the evidence" standard was appropriate given the requirements for motions under 37 C.F.R. §§ 42.20(a), (c), 42.1(d). *Corning*, Paper 70 at 6–7. *Corning* does not hold that requests to dismiss pending proceedings are not requests for reconsideration. It merely holds that such requests do not fall within 37 C.F.R. § 42.71(d). *See GTNX*, 789 F.3d at 1312–13.

Panel rehearing is not granted in this case.