NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SLING TV, L.L.C., SLING MEDIA, L.L.C., DISH NETWORK L.L.C., DISH TECHNOLOGIES L.L.C.,**
*Appellants*

**v.**

**REALTIME ADAPTIVE STREAMING LLC,**
*Appellee*

**ANDREW HIRSHFELD, PERFORMING THE FUNCTIONS AND DUTIES OF THE UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2020-1601, 2020-1602

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2018-01331, IPR2018-01342.

---

Decided: March 16, 2021

---

RUFFIN B. CORDELL, Fish & Richardson P.C., Washington, DC, argued for appellants. Also represented by MICHAEL JOHN BALLANCO, BRIAN JAMES LIVEDALEN, MATTHEW MOSTELLER, ADAM SHARTZER.

PHILIP WANG, Russ August & Kabat, Los Angeles, CA, argued for appellee. Also represented by C. JAY CHUNG, REZA MIRZAIE, NEIL RUBIN.

MICHAEL S. FORMAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for intervenor. Also represented by THOMAS W. KRAUSE, FARHEENA YASMEEN RASHEED, PETER JOHN SAWERT.

————————————

Before TARANTO, CHEN, and STOLL, *Circuit Judges.*

TARANTO, *Circuit Judge.*

Sling TV, LLC, Sling Media, LLC, Dish Network, LLC, and Dish Technologies, LLC (together, Sling) directly appeal the Patent Trial and Appeal Board's determination to deinstitute two inter partes review proceedings, IPR2018-01342 and IPR2018-01331, which involve, respectively, U.S. Patent Nos. 8,934,535 and 8,867,610, owned by Realtime Adaptive Streaming, LLC. *See* J.A. 11–24 (Jan. 17, 2020 deinstitution in IPR2018-01342); J.A. 1–9 (Jan. 17, 2020 deinstitution in IPR2018-01331). Sling also alternatively petitions for a writ of mandamus. We dismiss in part and deny in part.

This court's docket No. 20-1602 is Sling's direct appeal and mandamus petition challenging the Board's actions in IPR2018-01342, which involves the '535 patent. The dispute in No. 20-1602 is moot because, in separate proceedings, all patent claims at issue in this matter have already been finally determined to be unpatentable (Realtime dropped its appeals from the Board decisions so

determining) and are now set for the ministerial act of cancellation under 35 U.S.C. § 318(b). *See Netflix, Inc. v. Realtime Adaptive Streaming, LLC*, No. IPR2018-01169, 2020 WL 120083, at \*1 (P.T.A.B. Jan. 10, 2020); No. 20-1603, ECF No. 30 (Fed. Cir. Sept. 14, 2020) (Netflix); *Google LLC v. Realtime Adaptive Streaming, LLC*, No. IPR2018-01342, 2020 WL 959190, at \*1 (P.T.A.B. Feb. 27, 2020); No. 20-1809, ECF No. 25 (Fed. Cir. Oct. 1, 2020) (Google and Comcast).  We therefore dismiss both the appeal and the mandamus petition in No. 20-1602.

This court's docket No. 20-1601 is Sling's direct appeal and mandamus petition challenging the Board's decision to deinstitute IPR2018-01331, which involves the '610 patent. We have held that the Board has the inherent authority to reconsider institution decisions (beyond the regulatory time for a patentee's entitlement to seek reconsideration) and that a resulting decision to deinstitute is, like an original decision not to institute, "final and nonappealable" under 35 U.S.C. § 314(d).  *See, e.g.*, *Medtronic, Inc. v. Robert Bosch Healthcare Systems, Inc.*, 839 F.3d 1382, 1383 (Fed. Cir. 2016); *GTNX, Inc. v. INTTRA, Inc.*, 789 F.3d 1309, 1311–13 (Fed. Cir. 2015); *BioDelivery Sciences Int'l, Inc. v. Aquestive Therapeutics, Inc.*, 935 F.3d 1362, 1366 (Fed. Cir. 2019).  Section 314(d)'s rule of nonappealability, we have also held, confirms the general unavailability of jurisdiction under 28 U.S.C. § 1295(a)(4) to hear an appeal from a decision not to institute.  *See Mylan Labs. Ltd. v. Janssen Pharmaceutica, N.V.*, No. 2021-1071, 2021 WL 936345, at \*2–3 (Fed. Cir. Mar. 12, 2021).  As for a mandamus petition challenging a decision not to institute, we recently held that this court has jurisdiction to entertain such a petition under 28 U.S.C. § 1651, *see Mylan*, 2021 WL 936345, at \*3–5, but we made clear that, given the commitment of non-institution decisions to agency discretion, we did not foresee the strict mandamus standards for granting relief being met except by constitutional claims, *id.* at \*5–6.

In this matter, we see no basis for a disposition different from the one in *Mylan*: We dismiss the appeal and deny the mandamus petition.  Sling has not shown that our precedent equating a deinstitution decision with an initial decision to deny institution was implicitly overruled by the Supreme Court in *Thryv, Inc. v. Click-To-Call Technologies, LP*, 140 S. Ct. 1367 (2020), which did not involve or address such a deinstitution decision, or by our decision in *Arthrex, Inc. v. Smith & Nephew, Inc.*, 880 F.3d 1345 (Fed. Cir. 2018), which could not overrule our precedent and did not involve a deinstitution decision (under 37 C.F.R. § 42.72) but entry of an adverse judgment (under 37 C.F.R. § 42.73).  Nor has Sling presented a colorable constitutional claim.  And Sling likewise has not identified a nonconstitutional claim that newly suggests a persuasive justification for granting mandamus or for providing an available basis for direct-appeal jurisdiction that we did not foresee in *Mylan*: Sling's challenges here, as in *Mylan*, are to an exercise of discretion not to institute.  *See* J.A. at 5, 8 (exercising discretion, even aside from any binding Board precedent); J.A. 15–18 (same).  In these circumstances, we dismiss Sling's appeal and deny its petition in No. 20-1601.

**DISMISSED IN PART AND DENIED IN PART**