# United States Court of Appeals for the Federal Circuit

—————————————

**FEDERAL EXPRESS CORPORATION,**
*Appellant*

**v.**

**QUALCOMM INCORPORATED,**
*Appellee*

**JOHN A. SQUIRES, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

—————————————

2024-1236

—————————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2022-00585.

—————————————

Decided:  April 29, 2026

—————————————

JOSEPH MICHAEL SCHAFFNER, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Reston, VA, argued for appellant. Also represented by CHRISTOPHER B. ANDERSON, JEFFREY A. BERKOWITZ, LUKE HAMPTON MACDONALD, DANIEL C. TUCKER, MICHAEL VINCENT YOUNG, SR.

JONATHAN S. FRANKLIN, Norton Rose Fulbright US LLP, Washington, DC, argued for appellee. Also represented by STEPHANIE DEBROW, MARK T. GARRETT, EAGLE HOWARD ROBINSON, Austin, TX; DANIEL LEVENTHAL, RICHARD STEPHEN ZEMBEK, Houston, TX.

STEVEN A. MYERS, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC, argued for intervenor. Also represented by BRIAN M. BOYNTON, BRADLEY HINSHELWOOD; PETER J. AYERS, MICHAEL S. FORMAN, AMY J. NELSON, FARHEENA YASMEEN RASHEED, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA.

————————————

Before HUGHES, CUNNINGHAM, and STARK, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Federal Express Corporation appeals two decisions of the Patent Trial and Appeal Board: first, a decision denying its motion to terminate inter partes review proceedings, and second, a decision finding that all challenged claims of U.S. Patent No. 8,766,797 are unpatentable as obvious. For the reasons outlined below, we decline to review the challenge to the Board's decision denying the request to terminate the IPR proceedings, and we vacate the Board's obviousness determination as to the challenged claims and remand for further proceedings consistent with this opinion.

I

A

Federal Express Corporation (FedEx) owns U.S. Patent No. 8,766,797, titled "Sensor Based Logistics System," which describes systems and methods for providing access to information about shipments from sensors. J.A. 54; *see*

FEDERAL EXPRESS CORPORATION v.                    3
QUALCOMM INCORPORATED

ECF No. 31, at 1. Generally, the system features sensors attached to or included in items to be tracked—such as packages, shipping containers, or vehicles—that can be associated with a tracking number. These sensors collect location and environmental data and send information to, and receive information from, a tracking center. The '797 patent purports to improve upon prior systems by enabling greater customization and control over shipment notifications through adjustments to the specificity, frequency, and timing of reporting.

The independent claims describe receiving sensor information at a tracking center for one or more shipments, analyzing access rules for a party to determine the party's authorization, and restricting access based on these rules. *See, e.g.*, J.A. 73, 25:5–12. Dependent claims 6, 17, and 28, which are at issue on appeal, describe a particular method of restricting access. *See* J.A. 73, 25:40–44, 26:47–51; J.A. 74, 28:9–13. Claim 6, reproduced below, is representative:

> 6. The method of claim 1, wherein restricting the party from accessing the received sensor information further comprises the step of:
>
> > *reporting the received sensor information to the party after a predetermined time delay.*

J.A. 73, 25:40–44 (emphasis added).

B

On February 9, 2021, FedEx[1] filed a complaint in the United States District Court of the District of Delaware

---

[1]    The complaint was originally filed by FedEx Corporate Services, Inc., which later merged "with and into" Federal Express Corporation and ceased to exist. ECF No. 31 at 1. For ease of reference, both are referred to as FedEx.

against Roambee Corporation (Roambee),[2] asserting infringement of six of FedEx's patents, including the '797 patent (Roambee Litigation). *See* Compl. ¶ 1, *FedEx Corp. Servs., Inc. v. Roambee Corp.*, No. 21-cv-00175 (D. Del. Feb. 9, 2021), ECF No. 1. FedEx served Roambee the complaint on February 11, 2021, beginning the one-year window during which Roambee could petition the Patent Trial and Appeal Board for inter partes review of the patents asserted against it in the Roambee Litigation. *See FedEx Corp. Servs., Inc. v. Roambee Corp.*, No. 21-cv-00175 (D. Del. Feb. 11, 2021), ECF No. 4; 35 U.S.C. § 315(b).

On Roambee's IPR filing deadline, another entity, Qualcomm Incorporated (Qualcomm), filed IPR petitions challenging on obviousness grounds four of the six patents FedEx asserted in the Roambee Litigation, including the '797 patent.[3] *See* J.A. 139, 292. Despite challenging the patents asserted against Roambee, Qualcomm was not a party in the Roambee Litigation. In its petition, Qualcomm identified the Roambee Litigation as a related matter but did not list Roambee as a real party in interest. *See* J.A. 144. FedEx opposed institution, arguing Qualcomm's failure to list Roambee as a real party in interest meant

---

[2]    Roambee has since rebranded to Decklar. *See* Sanjay Sharma, *Roambee Has Rebranded to Decklar – Customer Newsletter – September 10, 2025* (Sep. 10, 2025), https://www.decklar.com/resources/newsletter/roambee-has-rebranded-to-decklar-customer-newsletter-september-10-2025 [https://perma.cc/AMQ9-7ASZ]. This opinion refers to the entity as "Roambee."

[3]    IPR2022-00585 underlies this appeal. Two of Qualcomm's other IPRs, IPR2022-00584 and IPR2022-00586, are at issue in two related appeals before this court, *Federal Express Corp. v. Qualcomm Inc.*, No. 24-1235, and *Federal Express Corp. v. Qualcomm Inc.*, No. 24-1237, respectively.

that the Board was precluded from considering the petition under 35 U.S.C. § 312(a)(2). The Board disagreed and instituted review on October 11, 2022.

After additional discovery, FedEx moved to terminate the proceedings. The Board denied FedEx's motion, stating that, under *SharkNinja Operating LLC v. iRobot Corp.*, No. IPR2020-00734, Paper No. 11 at 18 (P.T.A.B. Oct. 6, 2020), and *Unified Patents, LLC v. MemoryWeb, LLC*, No. IPR2021-01413, Paper No. 74 at 5 (P.T.A.B. May 16, 2023),[4] it "should not determine whether an unnamed party is a real party in interest in a proceeding if [that] determination is 'not necessary to resolve the proceeding.'" J.A. 1076, 1092 (quotation omitted). The Board explained that such a determination was warranted only when adding the unnamed party would create a § 315 time-bar or estoppel issue. Because Qualcomm filed its petitions within the deadline for Roambee to file a petition, the Board held that no time bar would apply absent bad faith, gamesmanship, or prejudice that would prevent amendment. And it was unconvinced that Qualcomm would be barred from amending its mandatory notices to ameliorate any possible issues. Thus, the Board concluded that it "should not make a determination as to whether Roambee is a real party in interest in these proceedings." J.A. 1092.

The Board then issued its final written decision on October 6, 2023. *Qualcomm Inc. v. FedEx Corp. Servs.*, No. IPR2022-00585, 2023 WL 6605258 (P.T.A.B. Oct. 6, 2023) (FWD). It stressed that it would not discuss any real party in interest issues in the final written decision, deeming them sufficiently resolved in denying FedEx's motion

---

[4]    The Director Decision relied upon by the Board and cited by the parties is not publicly available. The public version, however, is *Unified Patents, LLC v. MemoryWeb, LLC*, No. IPR2021-01413, Paper No. 76 (P.T.A.B. May 22, 2023).

to terminate proceedings. The Board then determined all claims were unpatentable as obvious over the asserted prior art. FedEx timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## II

"We decide legal issues de novo, including whether a statute precludes judicial review and whether challenged agency action is 'not in accordance with the law or without observance of procedure required by law.'" *IGT v. Zynga Inc.*, 144 F.4th 1357, 1365 (Fed. Cir. 2025) (citation omitted).

Obviousness is a question of law that is based on underlying factual findings. *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17–18 (1966). We thus review the Board's ultimate obviousness determination de novo and associated findings of fact for substantial evidence. *Uber Techs., Inc. v. X One, Inc.*, 957 F.3d 1334, 1337 (Fed. Cir. 2020) (citation omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938).

## III

FedEx raises several issues on appeal. First, FedEx argues the Board violated 35 U.S.C. § 312(a)(2) throughout the proceedings by refusing to determine whether Qualcomm's petition identified "all real parties in interest," as FedEx argues the Board was statutorily required to do, based on "wrongly decided and irrelevant PTAB decisions." Appellant's Br. 27–29. Second, FedEx argues the Board erred in denying its motion to terminate by failing to conduct a complete real party in interest analysis, by not enforcing Qualcomm's burden to justify its real party in interest identification, and by rejecting four other bases for termination. Finally, FedEx challenges the Board's obviousness analysis for claims 6, 17, and 28 of the '797 patent.

## A

We begin with the parties' arguments over the Board's real party in interest analysis. FedEx argues the Board exceeded its statutory authority by issuing a final written decision without ever determining whether Qualcomm's petition met § 312(a)(2)'s real party in interest requirement. According to FedEx, § 312(a)(2) lays out an unambiguous statutory requirement that the Board consider a petition "only if" it identifies all real parties in interest. Appellant's Br. 28 (quoting 35 U.S.C. § 312(a)(2)). FedEx contends the Board cannot make this requirement "optional," nor can it "refuse to decide whether a petition satisfies that mandatory condition," yet the Board did so when it issued its final written decision without ever conducting any real party in interest analysis. *Id.*; *see also* Reply Br. 7. FedEx separately argues the Board improperly denied its motion to terminate the proceedings without making a real party in interest determination.

Qualcomm and Intervenor United States Patent and Trademark Office, however, argue that FedEx's challenges to the Board's handling of the real party in interest issues and the denial of FedEx's motion to terminate are barred from judicial review.[5] They cite 35 U.S.C. § 314(d), which states "[t]he determination by the Director whether to

---

[5]    Although the USPTO initially intervened to also defend the Board's refusal to resolve the real party in interest issue on the merits, it later notified this court that the Director has determined that real party in interest disputes must be resolved before considering a petition. Citation of Suppl. Auth. at 1, *Fed. Express Corp. v. Qualcomm Inc.*, No. 24-1236 (Oct. 28, 2025), ECF No. 100. The USPTO accordingly withdrew its defense of the Board's approach but maintained that FedEx's real party in interest-related challenges are barred from appellate review under § 314(d). *Id.* at 1–2.

institute an inter partes review under this section shall be final and nonappealable." They assert that "FedEx cannot avoid that statutory review bar merely because it re-raised its § 312(a)(2) challenge in a motion to terminate or at the merits stage." Appellee's Br. 12–13; *see also* Intervenor's Br. 15–19.

1

After receiving a petitioner's initial petition and the patent owner's preliminary response, the Director, or the Board exercising its delegated authority,[6] decides whether to institute the requested inter partes review based on whether it finds the petitioner has a reasonable likelihood of success with respect to at least one of the challenged claims. *See* 35 U.S.C. § 314(a). Congress specified that the choice of whether to institute is judicially unreviewable. *Id.* § 314(d); *see also Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 274–76 (2016). And so we begin with a review of the relevant case law on the scope of 35 U.S.C. § 314(d).

The Supreme Court first addressed the contours of the § 314(d) reviewability bar in *Cuozzo*. There, the petitioner argued that institution was improper because the petition failed to satisfy 35 U.S.C. § 312(a)(3)'s particularity requirement. *Cuozzo*, 579 U.S. at 270–72. The Court held that § 314(d) bars review of matters "closely tied to the

---

[6] Historically, the Director has delegated institution decisions to the Board. *See* 37 C.F.R. § 42.4; *Ethicon Endo-Surgery, Inc. v. Covidien LP*, 812 F.3d 1023, 1028 (Fed. Cir. 2016). On October 17, 2025, the Director announced that he would no longer delegate those determinations. *See* John A. Squires, An Open Letter from America's Innovation Agency and Memorandum (Oct. 17, 2025), https://www.uspto.gov/sites/default/files/documents/open-letter-and-memo_20251017.pdf [https://perma.cc/94K4-48E8].

application and interpretation of statutes related to" the institution decision, and because the challenge was effectively an attack on the agency's § 314(a) determination that the petition warranted review, it was unreviewable. *Id.* at 274–76. The Court noted, however, that judicial review remains available where the agency acts "outside its statutory limits by, for example, canceling a patent claim for 'indefiniteness.'" *Id.* at 275 (citation omitted).

One such reviewable challenge was the subject of *SAS Institute, Inc. v. Iancu*, 584 U.S. 357 (2018). There, the petitioner challenged the agency's decision to institute review of only some of the challenged claims. *SAS*, 584 U.S. at 361–62. The Court found § 314(d) did not apply because the petitioner was not challenging the agency's conclusion that the petitioner "showed a 'reasonable likelihood' of success sufficient to warrant 'institut[ing] an inter partes review.'" *Id.* at 371 (alteration in original) (quoting 35 U.S.C. § 314(a), (d)). Rather, the petitioner was challenging the decision to limit inter partes review to fewer than all the challenged claims as outside the agency's authority because the statute commands the agency to perform a prescribed task it failed to do. *Id.* at 363–68, 371.

The Court further clarified § 314(d)'s reach in *Thryv, Inc. v. Click-to-Call Technologies, LP*, holding that time-bar determinations under § 315(b) were unreviewable. 590 U.S. 45, 52–54 (2020). The Court explained that § 315(b)'s time-bar "is integral to, indeed a condition on, institution," since it "sets forth a circumstance in which an inter partes review may not be instituted." *Id.* at 53–54 (cleaned up). So, under *Cuozzo*, the § 315(b) challenge raised "'an ordinary dispute about the application of' an institution-related statute," and was unreviewable under § 314(d). *Id.* at 54 (quoting *Cuozzo*, 579 U.S. at 271).

Our court has repeatedly held other challenges to be barred from review by § 314(d), including those framed as directed to a later agency action. *See, e.g.*, *Ethanol Boosting*

*Sys., LLC v. Ford Motor Co.*, 162 F.4th 1151, 1157–58 (Fed. Cir. 2025); *Medtronic, Inc. v. Robert Bosch Healthcare Sys., Inc.*, 839 F.3d 1382, 1384 (Fed. Cir. 2016); *IGT*, 144 F.4th at 1366–67. For example, in *ESIP Series 2, LLC v. Puzhen Life USA, LLC*, we held that "the Board's § 312(a)(2) real-party-in-interest determination is final and non-appealable." 958 F.3d 1378, 1386 (Fed. Cir. 2020). This was because, despite the appellant's framing, the challenge was a contention that the agency should have refused to institute inter partes review. *Id.*; *see also Ethanol*, 162 F.4th at 1159.

2

Here, too, we conclude that FedEx's challenges grounded in § 312(a)(2) fall within § 314(d)'s scope and are thus unreviewable. Section 312(a)(2) of title 35 is "closely tied" to institution. *See* C*uozzo*, 579 U.S. at 275; *see also ESIP*, 958 F.3d at 1386. Section 312(a) describes the requirements for a petition to be considered for institution. And a petition for inter partes review "may be considered *only if . . .* the petition *identifies all real parties in interest.*" 35 U.S.C. § 312(a)(2) (emphases added). Section 312(a)(2)'s real party in interest requirement clearly serves as a prerequisite for and is "integral to" institution. *Thryv*, 590 U.S. at 53. And while FedEx attempts to cast doubt on whether § 312(a)(2) is related to the decision to institute by emphasizing the absence of language expressly referencing "institution," this fails in light of our precedent. We have already held that challenges to the Board's § 312(a)(2) determinations are unreviewable because § 312(a)(2) is "an institution-related statute," notwithstanding the absence of any express reference to institution. *ESIP*, 958 F.3d at 1385–86 (quoting *Thryv*, 590 U.S. at 54). FedEx's § 312(a)(2)-focused challenges "necessarily target[ ]" the decision to institute and are beyond our review. *See Ethanol*, 162 F.4th at 1159.

FedEx argues its appeal remains reviewable because it challenges the Board's authority to refuse to determine whether all real parties in interest have been identified, especially when that disclosure is disputed. So, as in *SAS*, FedEx contends that while its argument *involves* institution, it is directed to the Board's conduct during and after institution and should not be barred by § 314(d). *See SAS*, 584 U.S. at 371. As such, FedEx contends its appeal differs from those barred in prior cases because it is not seeking review of whether the Board did its real party in interest analysis correctly, but whether the Board must perform a real party in interest analysis *at all* when disclosures are disputed. FedEx's attempted distinction fails. The challenge in *SAS* concerned how the Board's review would proceed after institution and not whether the choice to grant institution was correct. *See id.* In other words, the petitioner in *SAS* was not challenging the fact that the agency *instituted*, but rather the manner of execution—that it did not institute review of *all* the asserted claims, which the statutory scheme mandated the agency do. *Id.*; *see also Thryv*, 590 U.S. at 58 (distinguishing the challenge in *SAS* as being rooted in "the *manner* in which the agency's review 'proceeds' once instituted," whereas the challenge in *Thryv* was over "whether the agency should have instituted review at all" (emphasis added)). And we have held that "allegations of acting in excess of statutory jurisdiction 'closely tied to the application and interpretation of statutes related to the [agency's] decision to initiate' IPR, without more, do not overcome § 314(d)'s bar." *Ethanol*, 162 F.4th at 1159 (quoting *Cuozzo*, 579 U.S. at 275); *see also SIPCO, LLC v. Emerson Elec. Co.*, 980 F.3d 865, 869 (Fed. Cir. 2020). FedEx's challenge that the Board

exceeded its authority resembles these previously rejected challenges.[7]

Ultimately, we look "to the role of the purportedly violated [statutory] prerequisite . . . in order to better understand the precise target of the appellant's challenge: if the challenge [is] focused on a statute which has force only in the institution context, i.e., a prerequisite for institution, then the appellant's challenge *necessarily* target[s] the institution decision." *Ethanol*, 162 F.4th at 1159. FedEx's challenge, although framed to be a challenge over the "manner" in which the Board's review proceeded—i.e., conducting the proceeding without making a real party in interest determination, thus exceeding its authority under § 312(a)—ultimately still boils down to a challenge over whether there should have been institution at all.[8] And a conclusion that there should not have been institution is precisely what FedEx would likely seek on remand if we were to hear and agree with its § 312(a)(2) arguments.

---

[7]   Like those prior challenges, we do not find that there is something more here that warrants finding FedEx's challenges exempted from § 314(d). *See, e.g.*, *Ethanol*, 162 F.4th at 1159–60 (finding challenge barred by § 314(d) when the party "merely asserts the Board's issuance of a 'stay' exceeded its statutory authority in the context of the Board's reconsideration of an institution decision" without more).

[8]   FedEx also challenges the lawfulness of the real party in interest approach articulated in prior Board decisions. Even if we were to agree that the Board had misconstrued § 312(a)(2), we cannot review this challenge, absent exceptions inapplicable here, if it is grounded in a statute closely tied to institution, which we find § 312(a)(2) is. *See* 35 U.S.C. § 314(d).

FEDERAL EXPRESS CORPORATION v.                    13
QUALCOMM INCORPORATED

We therefore conclude that FedEx's real party in interest-related challenges are unreviewable under 35 U.S.C. § 314(d).

B

Turning to the merits of the final written decision, the parties agree that the only issue on appeal is whether the Board erred by finding claims 6, 17, and 28 of the '797 patent unpatentable based on a combination of two pieces of prior art, Lau and Buford. In its IPR petition, Qualcomm challenged the '797 patent claims asserted against Roambee, including that claims 6, 17, and 28 would have been obvious (i) in view of Lau and (ii) in view of Lau and Buford.[9] Lau describes a sensor-based shipment monitoring system that sends notifications to authorized users, while excluding unauthorized users, and allows them to control when those notifications are delivered. J.A. 1536, 2:40–42; J.A. 1540, 9:23–30, 10:28–47. Buford describes a method for configuring privacy settings for location-based services, allowing users to control when their real-time location information is shared and with whom. J.A. 1556 ¶ [0012]; J.A. 1559 ¶¶ [0073]–[0077].

1

The Board based its obviousness determination for claims 6, 17, and 28 on its belief that FedEx had not contested Qualcomm's challenge on the Lau-Buford grounds. *FWD*, 2023 WL 6605258, at *17 ("Having considered the *uncontested* evidence, we determine that Qualcomm has shown by a preponderance of the evidence that claims 6, 17, and 28 are unpatentable as obvious over Lau in view of

---

[9]    U.S. Patent No. 7,212,829 (Lau); U.S. Patent Pub. No. 2010/0151885 (Buford). Other claims of the '797 patent were challenged as obvious in view of Ainsworth, U.S. Patent Pub. No. 2007/0290836, which is not at issue on appeal.

Buford." (emphasis added)). But both parties agree that FedEx *had* contested Qualcomm's challenge. Appellant's Br. 51–52; Appellee's Br. 29. As such, it is undisputed that the Board's obviousness finding for claims 6, 17, and 28 should at least be vacated, and we agree. *See In re Sang-Su Lee*, 277 F.3d 1338, 1342 (Fed. Cir. 2002) (noting agencies are required to "present a full and reasoned explanation of [their] decision[s]" so reviewing courts can perform "meaningful review"); *Provisur Techs., Inc. v. Weber, Inc.*, 50 F.4th 117, 124 (Fed. Cir. 2022) (holding the Board violated the Administrative Procedure Act when it had partially based its obviousness finding on a misunderstanding that the patent owner had "not dispute[d]" the petitioner's unpatentability arguments for some claims).

2

Although both parties agree that the Board's error should at least result in vacatur, they disagree on whether more is warranted. FedEx argues reversal is appropriate because Qualcomm never responded to or disputed FedEx's argument about the Lau-Buford combination. And since Qualcomm never disputed FedEx's arguments, FedEx contends that the record supports only the conclusion that Lau-Buford fails to render claims 6, 17, and 28 obvious. Qualcomm disagrees, arguing there are unresolved factual disputes that cannot be decided on appeal in the first instance. Qualcomm also denies that its lack of a "direct[ ]" response was a concession as to obviousness, and argues that regardless, its lack of a response "does not negate the existence of a factual dispute." Appellee's Br. 34.

Reversal may be appropriate where the record "supports only the conclusion that the challenged claims are unpatentable, where no properly raised issues still need to be decided" to resolve the patentability challenge. *ABS Glob., Inc. v. Cytonome/St, LLC*, 84 F.4th 1034, 1042 (Fed. Cir. 2023). Here, reversal is improper because there are unresolved factual disputes. The Board did not consider FedEx's

arguments against unpatentability in light of Lau-Buford, and it did not determine whether Buford meets the relevant claim limitations. Thus, we vacate and remand for consideration in the first instance.[10]

## IV

We have considered the parties' remaining arguments and find them unpersuasive. For the foregoing reasons, we conclude that FedEx's challenges related to § 312(a)(2) and real parties in interest are barred from review under § 314(d). And we conclude that the Board erred in determining FedEx had not contested Qualcomm's showing that claims 6, 17, and 28 of the '797 patent are unpatentable as obvious. Thus, we vacate the Board's finding of obviousness and remand for the Board to consider the parties' arguments on the patentability of claims 6, 17, and 28.

**VACATED AND REMANDED**

COSTS

No costs.

---

[10]    FedEx requested that, if we reverse the Board's determination on Lau-Buford, we remand to the Board to consider obviousness based on Lau alone for claims 6, 17, and 28—an issue the Board did not reach. *See* Appellant's Br. 56; Appellant's Reply Br. 22–23; *FWD*, 2023 WL 6605258, at *17 n.10. We leave it to the Board's discretion whether to consider the Lau ground on remand.