# United States Court of Appeals
# for the Federal Circuit

---

**ADIDAS AG,**
*Appellant*

v.

**NIKE, INC.,**
*Appellee*

---

2018-1180, 2018-1181

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2016-00921, IPR2016-00922.

---

MITCHELL G. STOCKWELL, Kilpatrick Townsend & Stockton LLP, Atlanta, GA, for appellant. Also represented by VAIBHAV P. KADABA, MICHAEL T. MORLOCK, TIFFANY L. WILLIAMS.

CHRISTOPHER J. RENK, Banner & Witcoff, Ltd., Chicago, IL, for appellee. Also represented by AARON PATRICK BOWLING, MICHAEL JOSEPH HARRIS.

---

**ON MOTION**

---

Before MOORE, WALLACH, and TARANTO, *Circuit Judges.*

MOORE, *Circuit Judge*.

## O R D E R

In light of the Supreme Court's recent decision in *SAS Institute Inc. v. Iancu*, 138 S. Ct. 1348 (2018), Adidas AG ("Adidas") moves to remand this appeal to the Patent Trial and Appeal Board for additional proceedings. Nike, Inc. opposes. We *grant* the motion and remand.

Nike owns U.S. Patent Nos. 7,814,598 ("the '598 patent") and 8,266,749 ("the '749 patent"). Adidas petitioned the Director of the United States Patent and Trademark Office to institute inter partes review of claims 1–13 of the '598 patent and claims 1–9, 11–19, and 21 of the '749 patent. Adidas's petitions raised two grounds in challenging each of those claims: ground 1 argued that each claim would have been obvious based on the Reed and Nishida references and ground 2 argued that each claim would have been obvious based on the Castello, Fujiwara, and Nishida references.

The Board, acting on behalf of the Director, granted Adidas's petitions and instituted inter partes review of all of the challenged claims. However, the Board limited its review proceedings to ground 1. On October 19, 2017, the Board issued its final written decisions, holding that Adidas had not met its burden of demonstrating any of the claims would have been obvious based on ground 1. The Board never addressed the merits of the combination of references argued in ground 2 or suggested that its conclusions as to ground 1 would be dispositive as to ground 2 which was based on a different combination of references. Adidas timely appealed. After the Supreme Court issued its decision in *SAS*, Adidas promptly moved to remand for the Board to consider ground 2.

Adidas argues that remand is appropriate under *SAS* for the Board to issue final written decisions addressing

ground 2. Adidas contends that "[t]he Supreme Court's reasoning in *SAS*—that the Petition controls the scope of the proceeding—likewise requires that the Board institute on all grounds raised in the Petition." Adidas argues that the Patent Office recently issued public guidance indicating that, in light of *SAS*, if a trial is instituted, the Board will institute review on all challenges raised in the petitions. *See Guidance on the Impact of SAS on AIA Trial Proceedings* (Apr. 26, 2018). Nike responds that *SAS* is "irrelevant to the present appeal" because *SAS* requires only institution as to all claims, as was done here, and that Adidas has waived any "all grounds" argument by failing to present it to the Board.

We hold that remand is appropriate here. The Court explained in *SAS* that in establishing inter partes review, Congress set forth "a process in which it's the petitioner, not the Director, who gets to define the contours of the proceeding." 138 S. Ct. at 1355. The Court held that if the Director institutes review proceedings, the review must proceed "in accordance with or in conformance to the petition," *id.* at 1356 (internal quotations omitted), a "petition describing 'each claim challenged' and 'the grounds on which the challenge to each claim is based,'" *id.* at 1355 (quoting 35 U.S.C. § 312(a)(3)). "Nothing suggests the Director enjoys a license to depart from the petition and institute a *different* inter partes review of his own design." *Id.* at 1356 (emphasis in original). The Court found that "the petitioner's petition, not the Director's discretion, is supposed to guide the life of the litigation," *id.*, and "that the petitioner's contentions, not the Director's discretion, define the scope of the litigation all the way from institution through to conclusion," *id.* at 1357.

In several cases since *SAS*, we have found it appropriate to remand to the Board to consider arguments addressed to non-instituted claims and found waiver inapplicable to a prompt remand request due to the

significant change in the law. *See, e.g.*, *Baker Hughes Oilfield v. Smith Int'l, Inc.*, Nos. 2018-1754, -1755, slip op. at 4–5 (Fed. Cir. May 30, 2018); *Polaris Indus. Inc. v. Arctic Cat, Inc.*, Nos. 2017-1870, 2017-1871, slip op. at 3–4 (Fed. Cir. May 30, 2018); *Ulthera, Inc. v. DermaFocus LLC*, No. 2018-1542, slip op. at 3 (Fed. Cir. May 25, 2018). We see no reason to treat this case differently. As we recently explained in *PGS Geophysical AS v. Iancu*, __ F.3d __, slip op. at  7 (Fed. Cir. June 7, 2018), "[e]qual treatment of claims and grounds for institution purposes has pervasive support in *SAS*." Adidas promptly requested a remand for consideration of the non-instituted grounds. In this case, we think it appropriate to grant that request, as in the above-cited cases, without first deciding the appeal of the claims and grounds already before us.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to remand is granted. The Board is directed to promptly issue a final written decision as to all grounds raised in Adidas's petitions.

(2)  Each side shall bear its own costs.

FOR THE COURT

July 2, 2018                          /s/ Peter R. Marksteiner
     Date                            Peter R. Marksteiner
                                     Clerk of Court

ISSUED AS MANDATE:  July 2, 2018