Newman, Circuit Judge, dissenting.
 

 The Patent Trial and Appeal Board, on remand from the Federal Circuit, rejected this Court's remand instruction to implement the Supreme Court's holding in
 
 SAS Institute
 
 . The Board's action departs from principles of appellate review, and negates the agency's obligations under the America Invents Act. From my colleagues' endorsement of these irregular positions, I respectfully dissent.
 

 The Federal Circuit's
 

 Remand Order
 

 Three petitions for inter partes review ("IPR") were filed by BioDelivery. The PTAB granted the petitions on selected claims and a single ground for each petition, as practice then permitted. Trial was held with witnesses, testimony, briefing and argument, followed by three final written decisions, all sustaining validity of the claims examined. These decisions were duly appealed by BioDelivery, briefed and argued in the Federal Circuit, and awaited our decision.
 

 Meanwhile, the Supreme Court decided
 
 SAS Institute, Inc. v. Iancu
 
 , --- U.S. ----,
 
 138 S. Ct. 1348
 
 ,
 
 200 L.Ed.2d 695
 
 (2018). The Court held that the IPR statute,
 
 35 U.S.C. § 318
 
 (a), requires that if an IPR petition is granted and review is instituted, the PTAB must decide all the claims and grounds that were raised in the petition.
 

 Id.
 

 at 1354
 
 . Since here the PTAB had not met these requirements, we remanded with instructions "to implement the Court's decision in
 
 SAS
 
 ."
 
 BioDelivery Scis. Int'l, Inc. v. Aquestive Therapeutics, Inc.
 
 ,
 
 898 F.3d 1205
 
 , 1210 (Fed. Cir. 2018) ("
 
 Remand Order
 
 ").
 

 On remand, the PTAB held that it would be inefficient and expensive to implement the Supreme Court's decision.
 
 See
 

 BioDelivery Scis. Int'l, Inc. v. Aquestive Therapeutics, Inc.
 
 , No. IPR2015-00165, Paper No. 91 (P.T.A.B. Feb. 7, 2019), at 28 ("[W]e find that instituting trial as to those grounds at this time is neither in the interest of the efficient administration of the Office, nor in the interest of securing an inexpensive resolution of this proceeding.");
 
 see also
 

 BioDelivery Scis. Int'l, Inc. v. Aquestive Therapeutics, Inc.
 
 , No. IPR2015-00168, Paper No. 88 (P.T.A.B. Feb. 7, 2019), at 8;
 
 BioDelivery Scis. Int'l, Inc. v. Aquestive Therapeutics, Inc.
 
 , No. IPR2015-00169, Paper No. 89 (P.T.A.B. Feb. 7, 2019), at 37. Instead, the PTAB withdrew all of its actions as to these three IPRs.
 

 My colleagues hold that since the PTO is not required to accept any petition for IPR, the PTO can now withdraw its initial acceptance and all ensuing proceedings as if they never occurred, and negate our
 
 Remand Order
 
 . However, the question is not whether the PTO could have initially declined to institute these reviews; the question is whether the PTO must comply with this court's
 
 Remand Order
 
 and implement the ruling of the Supreme Court. That is, must the PTO conform to standard administrative practice whereby the agency must comply with the remand instruction of the reviewing court.
 

 Appellate courts have statutory authority to remand for further proceedings:
 

 The Supreme Court or any other court of appellate jurisdiction may ... remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.
 

 28 U.S.C. § 2106
 
 . The obligation to comply with a remand order is beyond debate, whether remand is to a lower court or an administrative agency.
 
 See, e.g.
 
 ,
 
 City of Cleveland v. Fed. Power Comm'n
 
 ,
 
 561 F.2d 344
 
 , 346 (D.C. Cir. 1977) ("The decision of a federal appellate court establishes the law binding further action in the litigation by another body subject to its authority ... These principles, so familiar in operation within the hierarchy of judicial benches, indulge no exception for reviews of administrative agencies.");
 
 see also
 

 In re Sanford Fork & Tool Co.
 
 ,
 
 160 U.S. 247
 
 , 255,
 
 16 S.Ct. 291
 
 ,
 
 40 L.Ed. 414
 
 (1895) ("When a case has been once decided by this court on appeal, and remanded to the circuit court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The circuit court is bound by the decree as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than execution. ...").
 

 Precedent illustrates this rule as followed by agencies and courts, without quibble.
 
 See
 

 Braniff Airways, Inc. v. C. A. B.
 
 ,
 
 379 F.2d 453
 
 , 468 n.11 (D.C. Cir. 1967) ("We have frequently remanded agency cases with specific directions, and we have no reservations about our statutory power to do so.") (citations omitted);
 
 Mefford v. Gardner
 
 ,
 
 383 F.2d 748
 
 , 758 (6th Cir. 1967) ("[O]n the remand of a case after appeal, it is the duty of the lower court, or the agency from which appeal is taken, to comply with the mandate of the court ....");
 
 see also
 

 Zodiac Pool Sys., Inc. v. Aqua Prods., Inc.
 
 , No. IPR2013-00159, Paper No. 87 (P.T.A.B. Feb. 11, 2019), at 20 ("As an initial matter, we recognize that we are bound by the mandate on matters that the mandate addressed.").
 

 For PTO tribunals,
 
 35 U.S.C. § 144
 
 assigns review obligations to the Federal Circuit:
 

 The United States Court of Appeals for the Federal Circuit shall review the decision from which an appeal is taken on the record before the Patent and Trademark Office. Upon its determination the court shall issue to the Director its mandate and opinion, which shall be entered of record in the Patent and Trademark Office and shall govern the further proceedings in the case.
 

 Here, the PTAB decisions were duly appealed to the Federal Circuit, where they were briefed and argued. When the Supreme Court decided
 
 SAS Institute
 
 , we recognized the applicability and because the record was not complete for the issues on appeal, we remanded to the PTAB with instructions "to implement the Court's decision is
 
 SAS
 
 ."
 
 Remand Order
 
 ,
 
 898 F.3d at 1210
 
 .
 

 Nonetheless, the PTAB declined to execute our
 
 Remand Order
 
 . Instead, the PTAB discarded these three completed IPR cases as if they had never occurred. However, "actions on remand should not be inconsistent with either the letter or the spirit of the mandate."
 
 Laitram Corp. v. NEC Corp.
 
 ,
 
 115 F.3d 947
 
 , 951 (Fed. Cir. 1997) ;
 
 see also
 

 Quern v. Jordan
 
 ,
 
 440 U.S. 332
 
 , 347 n.18,
 
 99 S.Ct. 1139
 
 ,
 
 59 L.Ed.2d 358
 
 (1979) ("[W]e remanded the matter ..., and we hold today that the award ... is not inconsistent with either the spirit or express terms of our decision ....");
 
 Banks v. United States
 
 ,
 
 721 F. App'x 928
 
 , 933 (Fed. Cir. 2017) ("After our mandate issues, the mandate rule forecloses reconsideration of issues implicitly or explicitly decided on appeal .... [B]oth the letter and the spirit of the court's mandate must be considered.");
 
 Best Key Textiles Co. v. United States
 
 ,
 
 660 F. App'x 905
 
 , 906 (Fed. Cir. 2016) ("When a trial court interprets a mandate from this court, both the letter and the spirit of the mandate must be considered.") (internal quotation marks omitted);
 
 SUFI Network Servs., Inc. v. United States
 
 ,
 
 817 F.3d 773
 
 , 779 (Fed. Cir. 2016) ("[I]n interpreting this court's mandate, both the letter and the spirit of the mandate must be considered.");
 
 Bankers Trust Co. v. Bethlehem Steel Corp.
 
 ,
 
 761 F.2d 943
 
 , 949 (3d Cir. 1985) ("A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.").
 

 The PTAB's action is not consistent with the "letter or spirit of the mandate," which ordered further proceedings in conformity to the Court's ruling in
 
 SAS
 
 . This
 
 Remand Order
 
 requires compliance, not avoidance at the agency's option. However, my colleagues endorse the PTAB's action, reasoning that since it was within the PTAB's authority to decline to institute these IPR petitions, that action and all ensuing proceedings can be retroactively cancelled, at the PTAB's unreviewable choice.
 

 The PTO indeed had discretion to decline to institute these IPRs. However, here the PTO did institute the IPRs, and conducted full trials and issued final written decisions on the aspects it considered. Although my colleagues state that "there is no requirement that once instituted, IPRs must proceed through final written decisions," Maj. Op. at 1366, here the three IPRs did proceed through final written decisions. The Court has ruled that these decisions must include all the claims and grounds raised by the petition. Our
 
 Remand Order
 
 and instruction was to implement the Supreme Court's holding, which was "that SAS is entitled to a final written decision addressing all of the claims it has challenged."
 
 SAS
 
 ,
 
 138 S. Ct. at 1359-60
 
 . BioDelivery is entitled to such decision.
 

 Incidentally, I take note that my colleagues state that "[t]he Board considered the merits of the previously non-instituted grounds and found that BioDelivery had not 'establish[ed] a reasonable likelihood of success in relation to those claims and grounds.' " Maj. Op. at 1364. However, the Board presented no final written decision as to all the claims and grounds in the petitions.
 

 The PTO's action in response to our
 
 Remand Order
 
 fails not only the Supreme Court's requirement, but the PTO's assignment under the America Invents Act to resolve certain validity issues by agency IPR proceeding. From my colleagues' endorsement of the agency's action, I respectfully dissent.